JOHN T. WOODHULL v. ABRAHAM G. NEAFIE, Sheriff of Monmouth County, and JOHN PERRINE, junior.

A motion to dissolve an injunction will be entertained before answer filed.[*]

Where, by the conditions of a sheriff's sale, it is provided that "if the purchaser do not comply with the conditions, the property *shall* be resold," the sheriff is not bound, upon a failure of the purchaser to comply with the conditions, to make a second sale, though requested so to do by the defendant in execution.

THE bill, filed July 25th, 1840, seeks relief against the sale of a farm of the complainant, in the county of Monmouth, made on the 23d of March, 1840, by Abraham G. Neafie, sheriff of said county, under an execution issued out of this court, upon a decree for foreclosure and sale of the mortgaged premises. The bill is filed against the sheriff and the purchaser at the sale, and sets out as ground for relief, 1. That the premises were adver-

---

[*] This decision was made before the adoption of the present rules of court. The rule is now otherwise. "No motion to dissolve an injunction before answer shall be entertained, unless the defendant shall show good cause why an answer hath not been put in." *Rules*, ix. s. 2.

As the reporter has not been furnished with a written opinion of the chancellor, nor with the briefs of counsel, the grounds of the decision in the above cause cannot be given. A court of chancery will entertain a motion before answer filed, to dissolve an injunction, or to discharge the order granting it, where the injunction has issued irregularly, or where the complainant has not exercised due diligence in prosecuting his suit, or has omitted to sue out a subpœna, or to have it duly served: *Eden on Inj.* (1st Am. ed.) 65; *Menzies* v. *Rodriguez*, 1 *Price's Exc. Rep.* 92; *Depeyster* v. *Graves*, 2 John. *Chan. Rep.* 148; 1 *Hoffman's Ch. Pr.* 211, 360; *Halsted's Dig.* 178; *Parker* v. *Williams*, 4 *Paige*, 439; *Corey* v. *Voorhies*, ante, p. 5; *West* v. *Smith*, ante, p. 309. And a defect in the injunction will be cured, and irregularity in the complainant's proceedings waived, by filing an answer: *Davile* v. *Peacock, Barnard*, 27; *Eden on Inj.* (1st Am. ed.) 65; *Parker* v. *Williams*, 4 *Paige*, 439; *Halsted's Dig.* 242. So the defendant may move, before answer, to dissolve an injunction, on the ground of want of equity in the bill: *Minturn* v. *Seymour*, 4 *John. Ch. R.* 173. But it would seem to be contrary to the course of adjudication, both in the English and American courts of chancery, to permit a motion to be made to dissolve an injunction before answer, grounded on affidavits denying

[Woodhull v. Neafie et al.]

tised to be sold between the hours of twelve and five o'clock, and that no particular hour was designated as the time of making the said sale.   2. That the sale was conducted in an unusual and extraordinary manner, the premises having been struck off soon after the hour of twelve, whereby many persons who were desirous of purchasing were deprived of an opportunity of making a bid.   3. That the conditions of the sale were harsh and rigorous, the whole of the purchase money being required within three days after the sale; and that the sheriff refused to modify the conditions, although requested so to do by persons desirous of purchasing.   4. That owing to the manner in which the sale was conducted, and the character of the conditions, the premises were sold at a very inadequate price.   5. That by one of the conditions of sale it was provided, that if the purchaser did not comply with the conditions, the property should be sold a second time, and if it brought more than at the first sale the purchaser was not to be benefitted, but if less he was to make up all defi-

the allegations of the complainant's bill: *Snow* v. *Cameron*, 1 *Fowl. Exc. Pr.* 282; *Eden on Inj.* 65, (1st Am. ed.); *Read* v. *Consequa*, 4 *Wash. C. C. Rep.* 177. Affidavits cannot be read in support of the answer on a motion to dissolve, nor, of course, *can they be substituted for an answer.* An affidavit of the defendant would rob the plaintiff of the benefit of exceptions: 1 *Hoffman's Chan. Pr.* 361. Nor will an injunction be dissolved on the affidavit of one who is not a party: *Christmas* v. *Campbell*, 1 *Hayw.* 123; *Thompson* v. *Allen*, 2 *Hayw.* 151. The rule is thus stated by chancellor Williamson, in the case of *Dallas and Carroll* v. *Jeffers*: When an injunction is granted, and a motion made to dissolve it, the defendant must rely upon the facts stated in the bill, and cannot bring in affidavits to contradict the bill, or to prove that the plaintiff has by assignment divested himself of his interest; he must come in and answer: *Halsted's Dig.* 242. The rule proceeds upon the ground, that the court will not dispense with the answer, to which the complainant is entitled from the defendant: *Read* v. *Consequa*, 4 *Wash. C. C. Rep.* 179; unless the complainant waives his right to an answer, when it is competent for the defendant to move to dissolve the injunction upon the merits disclosed by affidavit: *Attorney General* v. *Nichol*, 16 *Ves.* 340; *Vipan* v. *Mortlock*, 2 *Meriv.* 479.

No judicial construction has been given to the late rule of court above cited, (*Rules*, ix. s. 2.) It is presumed, however, that it will be held to apply only to cases similar to the case reported in the text, where the defendant seeks by affidavit to contradict the charges in the bill, or to establish his claim to a dissolution of the injunction.

[Woodhull v. Neafie et al.]

ciency, with the costs of the second sale; that the purchaser did fail to comply with the conditions, yet the sheriff, although requested by the complainant to resell the property, in compliance with the conditions of the first sale, refused so to do, but afterwards delivered a deed to the purchaser. The bill further states, that an action of ejectment had been commenced by the purchaser for the recovery of the premises; and prays that an injunction may issue to restrain further proceedings in said action; that the sheriff's sale may be set aside, the deed to the purchaser delivered up and cancelled, and a new sale ordered. An injunction issued, pursuant to the prayer of the bill.

No answer was filed by the defendants, but affidavits were taken on the part of the defendants to disprove the charges contained in the bill. The cause was brought to hearing on motion to dissolve the injunction upon the bill and affidavits taken on the part of the defendants.

The only questions involved in the chancellor's decision, were,

1. Whether a motion to dissolve the injunction would be entertained before answer filed.

2. Whether the sheriff was bound by the conditions of his sale, upon a failure on the part of the purchaser to comply with the conditions, to resell the property on the request of the defendant in execution.

THE CHANCELLOR dissolved the injunction, holding that the injunction might be dissolved without answer; and that it was optional with the sheriff, after the failure of the purchaser to comply with the conditions of sale, either to make a resale of the property, or to execute the first sale.

Injunction dissolved.